UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:09-00244 |
| | ) | JUDGE CAMPBELL |
| ROGER WAYNE BATTLE, et al. | ) | |

ORDER

Pending before the Court are the following motions on which the Court makes the following rulings:

Defendant Green's Motion For Pretrial Determination Of Admissibility Of Co-Conspirators' Statements And Incorporated Memorandum Of Law (Docket No. 357), Defendant Imes' Motion In Limine No. 1 (Statements Of Co-Conspirators) (Docket No. 364), and Defendant Chapman's Motion And Memorandum For Pre-Trial Determination Of Admissibility Of Co-Conspirator's Statements Pursuant To Rule 801(d)(2)(E) Federal Rules Of Evidence (Docket No. 411) are DENIED, as the Court will follow the procedure used by the district court approved in United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979), through which the court admitted the hearsay statements subject to later demonstration of their admissibility by a preponderance of the evidence.

Defendant Jessie Lobbins' Motion To Compel The Disclosure Of Preferential Agreements (Docket No. 368), Defendant Chapman's Motion To Compel Disclosure Of Any Preferential Agreements (Docket No. 413), and Defendant Battle's Motion For Exculpatory Evidence (Docket No. 429) are DENIED, as the Government indicates that it has already disclosed the requested information, or will do so in sufficient time for use at trial as required by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and United States v. Presser, 844 F.2d

1275, 1281-82 (6th Cir. 1988). The Court expects compliance by the Government with its representation that its timing of disclosure will not result in a delay of the trial.

Defendant Lobbins' Motion for Early Disclosure Of Jencks And Immediate Disclosure Of Brady/Giglio Material (Docket No. 373), Defendant Gary Eugene Chapman's Motion And Memorandum For Early Disclosure Of Jencks Act Material (Docket No. 414), and Defendant Battle's Motion For Early Disclosure of Jencks Material (Docket No. 420) are DENIED, as the Government's Jencks Act and Brady obligations do not require production at the time requested by the Defendants, provided however, that the Court expects compliance by the Government with its representation that it will produce the requested material at a time that will not result in a delay of the trial.

Defendant Lobbins' Motion For the Government To Give Notice Of Its Intention To Use Evidence Of Other Crimes, Wrongs Or Bad Acts Under Fed. R. Evid. 404(b) And Memorandum In Support Of Motion (Docket No. 371) and Defendant Battle's Motion To Compel Notice Of Intent To Offer Evidence Of Other Crimes, Wrongs, Or Acts (Docket No. 430) are DENIED as moot, as the Government indicates that it does not intend to introduce Rule 404(b) evidence against Defendants Lobbins, Battle or Imes. To the extent the Government offers Rule 404(b) evidence at trial that does not comply with the notice requirements of Rule 404(b), the Defendants shall make a contemporaneous objection as to its admissibility.

Defendant Lobbins' Motion for Notice Of Government's Intention To Use Residual Hearsay Exception Under Rule 807 (Docket No. 374) is DENIED as moot, as the Government indicates that it does not intend to introduce any Rule 807 evidence at trial. To the extent the Government offers Rule 807 evidence at trial that does not comply with the notice requirements

of Rule 807, the Defendants shall make a contemporaneous objection as to its admissibility.

Defendant Chapman's Motion And Memorandum For Disclosure Of Impeaching Information (Docket No. 412) is DENIED, as the Defendant has failed to cite any rule, statute, case or other legal basis for his requests for information.

Defendant Imes' Motion To Sequester Witnesses With Incorporated Memorandum Of Law (Docket No. 362) is DENIED. The Defendant may invoke Fed. R. Evid. 615 at trial, and may inquire of witnesses as to any conversations they may have had with other witnesses.

Defendant Battle's Motion For Daily Trial Transcript (Docket No. 428) is DENIED. Defendants may make an appropriately-supported request for transcripts of the testimony of particular witnesses at trial and shall arrange for such transcripts with the Court Reporter.

Defendant Battle's Motion For Jury Questionnaire (Docket No. 431) is DENIED, in light of the Notice (Docket No. 487) filed by the Government that it will not be seeking the death penalty as to any Defendant in this case. In any event, the Court finds a jury questionnaire to be unnecessary in this case.

Defendant Battle's Motion For The Court To Pay For Care Of Dependent Children And Family Members Of Single Parents Who Are Selected As Jurors (Docket No. 433) is DENIED.

Defendant Battle's Motion To Increase Peremptory Challenges (Docket No. 434) by Defendant Battle is RESERVED for discussion at the Pretrial Conference. Counsel for Defendant Battle shall raise the matter at the Pretrial Conference.

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE