UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:09-00244 |
| | ) | JUDGE CAMPBELL |
| ROGER WAYNE BATTLE, et al. | ) | |

## ORDER

Pending before the Court are Defendant Battle's Motion To Increase Peremptory Challenges (Docket No. 434); Joint Emergency Motion For Protective Order (Docket No. 559); Motion To Strike From The Superseding Indictment As Surplusage The "Notice Of Special Findings" (Docket No. 644) and Motion To Strike From The Superseding Indictment As Surplusage All References To The Alleged Alias "T-Wayne" (Docket No. 645).

The Government has filed a Response (Docket Nos. 648) to the Motion To Strike The "Notice Of Special Findings" (Docket No. 644) indicating that it agrees with the Defendant's Motion. Accordingly, Defendant Battle's Motion To Strike From The Superseding Indictment As Surplusage The "Notice Of Special Findings" (Docket No. 644) is GRANTED, and pursuant to Fed. R. Crim. P. 7(d), the "Notice Of Special Findings" section of the Superseding Indictment (Docket No. 245) shall be stricken.

The Government has filed a Response (Docket No. 646) to the Motion To Strike From The Superseding Indictment As Surplusage All References To The Alleged Alias "T-Wayne" (Docket No. 645). In the Response, the Government indicates that it anticipates two witnesses will testify that they know Defendant Battle by the name "T-Wayne," and that the alias links the Defendant to the enterprise, "Traveling Vice Lords," alleged in the Indictment. Under these

circumstances, the Court concludes that alias should not be stricken.  See United States v. Emuegbunam, 268 F.3d 377, 394-95 (6th Cir. 2001)(Alias in indictment is appropriate when proof of the alias is relevant to identifying the defendant, or is necessary to connect the defendant to the acts charged).  Accordingly, the Motion To Strike From The Superseding Indictment As Surplusage All References To The Alleged Alias "T-Wayne" (Docket No. 645) is DENIED, without prejudice to the Defendant raising the issue again if circumstances warrant.

Defendant Battle's Motion To Increase Peremptory Challenges (Docket No. 434) is MOOT. (See Docket No. 638).

On or before August 8, 2011, Defendant Battle shall file a Notice indicating whether he intends to pursue the Joint Emergency Motion For Protective Order (Docket No. 559), which was previously stayed by the Court at the Defendant's request (Docket No. 562).

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE